IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| 400 MADISON LLC, et. al., : | |
| : | |
| **Plaintiff,** : | |
| : | Civil Action |
| v. : | |
| : | 13-5077 |
| WELLS FARGO BANK, N.A., et. al., : | |
| : | |
| **Defendants.** : | |

### MEMORANDUM

**STENGEL, J.**                                                                                             **March 19, 2014**

The defendants in this case filed a foreclosure action against 400 Madison LLC in the Berks County Court of Common Pleas. In response to the foreclosure, Madison filed this action claiming breach of contract, fraud and various additional claims in state court. The defendants removed this case on the basis of diversity of citizenship, and Madison filed a motion to remand. I will grant Madison's motion because defendant Filip Kristani did not validly consent to removal.

### I.    BACKGROUND

I will only summarize the facts necessary to the resolution of the motion for remand. On July 10, 2007, plaintiff 400 Madison LLC (Madison) purchased the property located at 400 Washington Street, Reading, Pennsylvania[1] from Madison-Reading Associates, L.L.C. Am. Compl. ¶ 17. As part of the transaction, Madison agreed and

---

[1] The United States District Court for the Eastern District of Pennsylvania is a tenant in this building. On Friday, September 13, I conducted a telephone conference with all counsel to discuss if the court's tenancy created a conflict of interest. All parties agreed that no conflict exists and confirmed the same by letters dated and filed on September 20, 2013.

assumed the grantors obligations under the note on the property.  Id.  In conjunction therewith, Plaintiffs Jonathan and Ayelet Weiner, the sole members of Madison, signed an indemnification and guaranty agreement on the note.  Id. ¶14.

In 2009, Madison began to have difficulties making the required payments on the note, so Madison contacted defendant Wells Fargo Bank,[2] the loan's master servicer at the time, to request a reduction in the note's interest rate.  Id. ¶¶ 24-25.  Wells Fargo informed Madison that Wells Fargo had no authority to modify the terms of the loan.  Id. ¶ 26.  Rather, Madison would have to default on the loan, at which point the loan would be transferred to a special servicer who would have authority to consider a modification.  Id.

Relying on this information, Madison reduced its monthly payments on the loan starting in June 2010.  Id. ¶ 27  In 2011, the loan was transferred to defendant Situs's predecessor in interest as special servicer.  Id. ¶31.  Shortly thereafter, defendants filed an action in mortgage foreclosure against Madison in the Berks County Court of Common Pleas.  Id. ¶ 35.  The parties did not pursue the foreclosure action while supposed modification negotiations progressed.  Id. ¶ 36.  As part of the negotiations, Situs required Madison to produce copies of its financial records.  Id. ¶ 34.  However, Situs did not follow through on the negotiations and used Madison's financial data to complete a sale of the mortgage to defendant Filip Kristani in November 2012.  Id. ¶ 39.

---

[2] The loan had been transferred into defendant WCMS, a commercial mortgage backed security.  Defendant U.S. Bank is the trustee for WCMS.  Further discussion of the nature of a commercial mortgage backed security and the roles of these two defendants is unnecessary for the resolution of this motion.

In December 2012, Mr. Kristani was substituted as the plaintiff on the foreclosure action. Def. Kristani's Mot to Dismiss (doc. no. 23) 5. On June 24, 2013, Mr. Kristani filed a second action against the Wieners in the Berks County Court of Common Pleas based on the terms of the guaranty agreement. Id. 6. Madison and the Weiners responded by filing this action in the Court of Common Pleas on July 26, 2013 which the lender and servicer defendants removed to this court on August 29, 2013. Plaintiffs filed a motion to remand. Defendants have also filed motions to dismiss.

## II.     STANDARD OF REVIEW

The exercise of removal jurisdiction is governed by 28 U.S.C. § 1441(a). A district court must strictly construe the statute against removal and all doubts should be resolved in favor of remand. *E.g.*, Johnson v. SmithKline Beecham Corp., 724 F.3d 337, 346 (3d Cir. 2013). When faced with a motion for remand, the defendant bears the burden of proving that the requirements for removal are met and the federal court may exercise jurisdiction. *See* Wilson v. Republic Iron and Steel Co., 257 U.S. 92 (1921); Steel Valley Auth. v. Union Switch & Signal Div., 809 F.2d 1006, 1010 (3d Cir.1987) (citing Abels v. State Farm Fire & Casualty Co., 770 F.2d 26, 29 (3d Cir.1985)).

## III.    DISCUSSION

A civil action removed to this court may be remanded to the Court of Common Pleas if the removal was procedurally defective. 28 U.S.C. § 1447. "When a civil action is removed solely under § 1441(a), all defendants who have been properly joined and served must join in or consent to the removal of the action." 28 U.S.C. § 1446 (2)(A). Failure of all parties to consent to the removal is a procedural defect warranting remand.

Balazik v. Cnty. of Dauphin, 44 F.3d 209, 213 (3d Cir. 1995).  This rule of unanimity may be disregarded when: "1) a nonjoining defendant is unknown or is a nominal party; 2) where a defendant has been fraudulently joined; or 3) where a nonresident defendant has not been served at the time the notice of removal is filed." Id. at 213 n. 4.

    Given the court's duty to strictly construe the requirements of the removal statute against the removing party, I conclude that Mr. Kristani has not consented to removal.  In his motion to dismiss, Mr. Kristani states, "The Plaintiffs inappropriately request that this Court determine that the Plaintiffs are not in default under the terms and conditions of the Loan Documents, a determination, if made at all, that is within the power of the Court in which the Foreclosure Action was filed." Def. Kristani's Mot to Dismiss 13.  He adds, "There is simply no reason why identical questions based on the law of the Commonwealth of Pennsylvania should be pending before this Court, in the Foreclosure Action, which has been pending since 2011, and in the Guaranty Action, which was also filed before the instant matter." Id. 14.  These arguments are wholly inconsistent with a party who has consented to removal.  It appears as if Mr. Kristani is confused as to how this case made its way to the district court.  I will resolve that uncertainty, as I must, in favor of remand, and I will accept plaintiffs' invitation to find Mr. Kristani's consent invalid.  Pls.' Resp. in Opp'n. (doc. no 26-2) 19.

    Ironically, it has been the plaintiffs who have insisted that this matter be decided in the Berks County Court of Common Pleas.  Plaintiffs argue that I should remand this case because this it is duplicative of the foreclosure and guaranty actions.  In opposing remand, Mr. Kristani asserts that this case is distinguishable from the state court actions

because it does not require adjudication of property rights.  Yet, Mr. Kristani accuses plaintiffs of, "clearly seek[ing] to circumvent the authority of the state courts." Def. Kristani's Mot to Dismiss 13.  Mr. Kristani's arguments are rife with contradictions which are as equally disingenuous as they are unprofessional.  As such, I am led to question Mr. Kristani's credibility which lends further support to finding that he has not consented to removal.

## IV.   CONCLUSION

I will grant plaintiffs' motion to remand because Mr. Kristani has not consented to removal.  The lack of unanimity makes removal procedurally defective warranting remand pursuant to 28 U.S.C. § 1446(c).

An appropriate order follows.